# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| M.T.E., by and through her mother and guardian, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendant. | CASE NO. C11-5508BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

This matter comes before the Court on Plaintiffs' (the "Class") motion to remand. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 1, 2011, Defendant ("DSHS") removed this matter citing federal question jurisdiction. Dkt. 1. On July 18, 2011, the Class moved the Court to remand the case to

ORDER - 1

state court claiming that it only alleges state law claims. Dkt. 7. On August 8, 2011, DSHS responded in opposition to the motion to remand. Dkt. 8. On August 12, the Class replied. Dkt. 9.

## II. FACTUAL BACKGROUND

On June 17, 2005, DSHS adopted the "children's assessment rule." *See* Washington Administrative Code ("WAC") 388-106-0213. Plaintiff Samantha A. challenged this rule, ultimately prevailing before the Supreme Court of Washington. *Samantha A.*, 2011 WL 2054645. In affirming the Thurston County Superior Court, the Washington Supreme Court invalidated WAC 388-106-0213, holding that it violated the federal comparability requirements under 42 U.S.C. § 1396. *Id*. at *7.

Despite the ruling in *Samantha A.*, the Class alleges, DSHS continues to apply the invalidated code to all covered children except Samantha A. *See* Dkt. 1 (Notice of Removal), Ex. A ¶ 10 ("DSHS has not repealed the invalid rule, restored personal care benefits, reauthorized the lost work hours, or reimbursed Medicaid recipients or their caregivers."); *see also* Dkt. 6 ¶ 10 (DSHS answer admitting "it has not yet replaced WAC 388-106-0213 and has not made payments to providers as a result of the Supreme Court decision in *Samantha A*. . . . [DSHS] affirmatively alleges that no legal basis for such payments has been demonstrated.").

This is a putative class action. The Class filed this action to enforce the Washington Supreme Court ruling in *Samantha A*. against DSHS and seek other relief as available. *See* Dkt. 1, Ex. A at 9 (Amended Complaint filed in state court). It is undisputed that the Class asserted only state law claims in its complaint. Notice of

Removal ¶ 5 (conceding that the Class has "not specifically pled a claim under federal law"). However, DSHS claims that the Class' Complaint raises significant federal issues that must be decided and, therefore, gives rise to federal jurisdiction over this case. *See* Dkt. 8; *see also* Notice of Removal ¶ 5.

The Class alleges the following causes of action in its amended complaint: (1) injunctive relief under RCW 34.05.574; (2) declaratory relief under RCW 7.24, *et seq.*; (3) retroactive benefits under RCW 74.08.080; (4) *quantum meruit* under Washington State common law; and (5) unjust enrichment under Washington State common law. Amended Complaint ¶¶ 31-43.

Additionally, the Class seeks attorneys fees for having to litigate this motion for remand. Dkt. 7 (citing 28 U.S.C. § 1446(c)).

### III. DISCUSSION

DSHS removed this matter arguing that (1) the Class' claims are based on substantial federal questions; and (2) that Medicaid completely preempted the Class from filing its action in state court. Dkt. 1 ¶¶ 4, 6 ("Removal to federal court is proper where, as here, federal law completely preempts a plaintiff's state law claim.").

**A.    Preemption**

In its motion to remand, the Class argued that Medicaid does not preempt its state law claims. Dkt. 7 at 6. Although DSHS did oppose the motion to remand, it did not specifically file any opposition papers to the Class' argument against finding complete preemption. *See* Dkt. 8. Instead, DSHS appears to have abandoned that theory for

jurisdiction and argues only for a finding that the Class filed an action for which relief arises under federal question jurisdiction. *See id*.

Nevertheless, DSHS has failed to provide adequate authority for the proposition that Medicaid completely preempts the Class' claims in this case. In contrast, the Class has provided ample authority and persuasive argument that compels the opposite conclusion. *See* Dkt. 7 at 11-13.

Therefore, to the extent maintained, DSHS' preemption argument fails. The Court turns to the parties' arguments regarding the Class' motion to remand.

**B.     The Class' Motion for Remand**

When a plaintiff files a case in state court for which federal question jurisdiction exists, a defendant may properly remove the matter to federal court. 28 U.S.C. § 1441(b). Similarly, when a defendant removes a matter to federal court for which federal jurisdiction is absent, a plaintiff may move the federal court to remand the matter to state court. 28 U.S.C. § 1447(c).

Federal courts have original, federal question jurisdiction in "all civil actions *arising* under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(b) (emphasis added). "While plaintiffs usually invoke section 1331 jurisdiction for violations of federal law, they also may invoke it over certain state-law claims." *California Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). In *California Shock Trauma Air Rescue*, the Ninth Circuit further articulated the following:

> In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, we must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *See Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936).

*Id*.

In *Califorina Shock Trauma Air Rescue*, CALSTAR[1], argued that *Grable* stood for the proposition that "a federal court may entertain any action if it involves 'significant federal issues.'" *Id*. at 542. The Ninth Circuit rejected CALSTAR's argument because the complaint in *Grable* did, in fact, present a federal issue on its face, holding that "*Grable* did not implicitly overturn the well-pleaded complaint rule – which has long been a 'basic principle marking the boundaries of federal question jurisdiction of the federal courts – in favor of a new 'implicate[s] significant federal issues' test." *Id*. (citations omitted).[2] The Ninth Circuit clarified in *California Shock Trauma Air Rescue* that

---

[1] CALSTAR is an acronym for California Shock Trauma Air Rescue. *California Shock Trauma Air Rescue*, 636 F.3d at 538.

[2] "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). In *Hall*, the Ninth Circuit determined that "Hall's complaint does not contain a well-pleaded federal claim on its face" because "[e]ach of her three claims relies exclusively on state law." *Id*. In contrast, under the "artful pleading" doctrine, "a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Id*. (citations omitted). Here, the Class' complaint contains no well-pleaded federal law and relies solely on well-pleaded state law claims. The Class' complaint also contains no well-pleaded state law claims that are completely preempted by federal law. Therefore, contrary to DSHS' position, the "artful pleading" doctrine is inapplicable to the Class' complaint. Dkt. 9 at 4.

> *Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the "implicate[s] significant federal issues" test. This test requires that the federal issue within a state-law claim be "necessar[y], . . . actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

*Id*. (citations omitted, emphasis in original). The Ninth Circuit held that CALSTAR's argument for federal question jurisdiction based on "arising under" jurisdiction failed at the outset because its claims were

> based entirely on California causes of action (quantum meruit, unjust enrichment and open book account), each of which does not on its face, turn on a federal issue. Instead, any federal issue . . . would be a response to a defense to these state-law claims" . . . . [T]here is no arising under jurisdiction in this context.

*Id*. at 543 (citations omitted). In short, *California Shock Trauma Air Rescue* stands for the proposition that "arising under" jurisdiction does not exist where substantial federal issues are presented but the face of the complaint contains no federal claims. *Id.*[3]

In opposition to concluding that "arising under" jurisdiction does not exist in this case, DSHS attempts to liken this case to *Pfaff v. DSHS*, 2008 WL 2242461. However, both the complaint and amended complaint filed by Pfaff in that case contained causes of action that arose directly under federal statutes, which caused the well-pleaded claims to give rise to federal question jurisdiction. *See* Declaration of Richard E. Spoonmore, Ex.

---

[3] Notably, DSHS does not address the controlling "arising under" test set out in *California Shock Trauma Air Rescue*, a 2011 Ninth Circuit Case discussing the implications. *See* Dkt. 8 at 1-12. Instead, DSHS urges the Court to adopt a test set out by the Sixth Circuit in 2007, which cites *Grable*. Dkt. 8 at 7 (citing *Mikulski v. Centerior Energy Corp.*, 501). The Court follows *California Shock Trauma* in this case and declines to adopt the test set out in *Mikulski*.

A (Pfaff Complaint), Ex B (Pfaff Amended Complaint). Therefore, *Pfaff* is distinguishable on that basis and unavailing to DSHS in this case.

To the extent DSHS argues that it has a defense based on federal law, such an argument fails under the well-pleaded complaint rule. To the extent DSHS argues that the Class will rely on federal law to respond to DSHS's defenses, such an argument fails. *See California Shock Trauma Air Rescue*, 636 F.3d at 542 (citing precedent for the proposition that federal issues that are asserted for nothing other than "to overcome a potential defense to the action . . . cannot be said [to] arise under the Constitution, laws, or treaties of the United States.") (citations omitted).

Because it is undisputed that the Class' well-pleaded complaint alleges only state law causes of action on its face, DSHS's argument for "arising under" federal jurisdiction must fail at the outset. *See id*; *see also* Answer ¶ 6 (conceding that the Class raises no federal claims in its amended complaint). In essence, the Class seeks remedy based on an invalidated rule previously applied by DSHS, and the requested remedies are based on state law.

There being no other basis for federal jurisdiction in this case, DSHS improperly removed this matter from state court, and it should be remanded.

**C.   Attorneys Fees**

"An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1446(c). Award of such fees is within the Court's discretion and should be awarded

1 where the Defendant had no "objectively reasonable basis" for removal. *Martain v.*
2 *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

3   Because the Court cannot say that DSHS removed this matter without an
4 "objectively reasonable basis" for doing so, the Class' motion for attorneys fees is
5 denied.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Class' motion to remand is **GRANTED** for the reasons discussed herein. This case is **REMANDED** to state court for lack of jurisdiction.

Dated this 21st day of September, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge